11019

BLACK v. TODD *ET AL.*

(113 S. E., 793)

1. WILLS—PROVISIONS AS TO ONE CONTINGENCY CANNOT AFFECT ANOTHER WHOLLY DIFFERENT CONTINGENCY.—The provisions of a will with respect to one contingency cannot affect provisions for another and wholly different contingency.

2. WILLS—REMAINDERS OF SECOND LIFE TENANT'S CHILDREN DEPENDENT ON ALTERNATIVE LIMITATION HELD DESCENDIBLE AND TRANSMISSIBLE.—Where a will gives a life estate to a daughter, then to the daughter's children, if any, but, in case the daughter died without children, then to a granddaughter for life, and at her death to her children, the death of the granddaughter and her children before the death of the daughter, who died without having had children, did not defeat the estate of the granddaughter's children, they being definitely ascertained persons to take in remainder; the only uncertainty being as to the event upon which their alternative remainder was to take effect—the death of the daughter without children.

Before McIver, J., Laurens. November, 1921. Affirmed.

Action by Samuel P. Black against J. W. Todd, Sr., and Albert C. Todd. Decree for defendants, and plaintiff appeals.

The Circuit Court decree is as follows:

The above-stated action was brought in the Court of Common Pleas for the County of Laurens, in said State, by Samuel P. Black against J. W. Todd, Sr., and Albert C. Todd, to recover the possession of a house and lot situate within the corporate limits of the city of Laurens, on the south side of West Main street, and west of the Episcopal Church lot.

The complaint alleges title in the plaintiff and the right of possession, setting out certain clauses of the will of Mrs. Jane Pressley, the relationship and death of the beneficiaries, and the withholding of the possession of the property by the defendants. The defendants answered the complaint, ad-

mitting the possession by them of the property, setting forth the will of Mrs. Jane Pressley in full, claiming title themselves, and denying the right of the plaintiff to recover the property.

A jury trial having been waived in open Court, the cause came on to be heard by me at the November term of the Court for Laurens, upon the pleadings, the will, and the admitted statement of facts.

### Findings of Fact

Mrs. Jane Pressley, the testatrix, executed her will in 1869, which was admitted to probate in the Court of Probate for the County of Laurens, in the said State, after her death in 1875. The will is correctly set out in the pleadings. The testatrix was the paternal aunt, of the half blood, of the defendants, the mother of the first life tenant, Mrs. Corrinna Mystis Harris, who afterwards intermarried with Dr. Thomas Gibbon, the grandmother of Mary Brown, who afterwards intermarried with Col. James H. Traynham, and grandmother also of the plaintiff; Mary Brown and Samuel P. Black being brother and sister of the half blood. To Mary Brown Traynham two sons were born, to wit: Ryland Pressley Traynham and Thomas Gibbon Traynham, Mrs. Mary Brown Traynham died intestate in 1900, leaving surviving her the said Ryland and Gibbon Traynham. The said Thomas Gibbon Traynham died intestate in 1917, leaving as his only heir at law his said brother Ryland Pressley Traynham; the said Ryland Pressley Traynham died intestate in August, 1920, leaving of force his last will and testament, which was duly admitted to probate and by which he devised all of his property, including the house and lot in question, to the defendants. The first life tenant, Mrs. Harris Gibbon, died on the —— day of October, 1920, having survived Mrs. Mary Traynham and her two sons, Thomas Gibbon Traynham and Ryland Pressley Traynham. Corrinna Mystis Pressley, the first life tenant, at the age

of 18, married Wm. C. Harris in 1854, and lived with him until his death in 1873, and in 1879 she married Dr. Gibbon, but no child was ever born unto her from either marriage.

### Conclusions of Law

The first question arises: Is the plaintiff the owner of the property in question and entitled to recover the possession of the same?

This question is answered in the negative, and the reasons for the answer filed will be briefly given.

This being an action to recover the possession of land involving the title, the burden is upon the plaintiff to show a superior title to that of the defendants; they claiming from the same common source, to wit: Mrs. Jane Pressley, the testatrix. *Thomas v. Dempsey,* 53 S. C., 220; 31 S. E., 231.

Without elaborating the argument, the fourth clause of the will imposes a condition which absolutely defeats the title of the plaintiff and his right to recover the possession of the premises described in the complaint. Item 4 is as follows: "All the property that I have heretofore willed and bequeathed to my said granddaughter, Mary Brown, I give to my executor in trust for her sole and separate use, during the term of her natural life, and at her death to her children, or to any child or children of any deceased child of the said Mary Brown, and if she dies without any heirs of her body, I give the same to my said grandson, Samuel P. Black."

The condition of the limitation of the property over to the plaintiff was not fulfilled, because Mrs. Mary Brown Traynham died leaving two children living at the time of her death, to wit: Ryland Pressley Traynham and Thomas Gibbon Traynham. Therefore the plaintiff has no title and he cannot recover the premises. *Haynsworth v. Haynsworth,* 12 Rich. Eq., 114.

The second question arises: Can the plaintiff recover the premises or any part thereof as an heir-at-law of Mrs. Jane Pressley, he being the only heir-at-law living at the falling in of the first life estate, to wit, that of Mrs. Gibbon?

This question is also answered in the negative upon the following grounds:

(a) The vindication of this answer is found in the last three lines of item 4 of the will of testatrix, which reads as follows: "But if the said Samuel P. Black should die without any children, then it is my will and desire that the share of the said Mary Brown revert to my right heirs and legal representatives." As stated in the preamble of the will, Mrs. Pressley says that she desires to dispose of all her property, and she did so, and there has been no lapsing of any legacy by death of the devisees, nor has there been any forfeiture of their respective estates. It is but a pleonasm to say that this condition of a "reverter" has not arisen, as Samuel P. Black, the plaintiff, is living and brings this action, and there is no testimony that he is without children.

(b) Furthermore, the will gave the property to Mrs. C. M. Harris (Gibbon) for her life, and after her death remainder to Mrs. Mary Brown Traynham for the term of her natural life, and at her death to her children. The death of the second life tenant and also the death of the second remaindermen before the death of the first life tenant, or the determination of the first particular estate, does not defeat the right of R. P. Traynham and Thomas Gibbon Traynham to the property, or the enjoyment of it by their respresentatives after their death.

The third question that arises is: Have the defendants the legal title to the property in dispute and have they the right to the possession thereof?

This question is answered in the affirmative. These defendants claim the legal title to the property under the will of the testatrix through Thomas Gibbon, Traynham and

Ryland Pressley Traynham by descent and by will; the interest of T. G. Traynham having descended to his brother at his death, and R. P. Traynham having devised all the property to the defendants.

The death of their mother Mrs. Traynham before the first life tenant did not defeat the second or alternative remainder over to her children. No seizen in Mrs. Traynham was necessary to support the remainder to her sons, because the will gave a freehold estate to Samuel R. Todd, Jr., as trustee for the first life estate and also for the second life estate. The falling in of the life estate of Mrs. Traynham had the effect only of accelerating the estate of her two sons who survived her. *Witherspoon v. Watts,* 18 S. C., 396; *Key v. Weathersbee,* 43 S. C., 424; 21 S. E., 324; 49 Am. St. Rep., 846.

The testatrix in the second clause of the will gave the property to her executor and nephew, Samuel R. Todd, Jr., to hold for the use and benefit of the first life tenant and collect and pay over the rents and profits thereof, and to protect the same from the claims of her husband or his creditors, and likewise the fourth clause of the will gives the property intended for Mrs. Mary Brown Traynham, "to her executor, in trust for the use and benefit of Mrs. Mary Brown for her life and at her death to her children"; the trustees having an active duty to perform as to the rents and profits of the real estate, and a legal duty to exercise in the protection of the property from the husband of the first life tenant and also from his creditors, if need be, and to preserve the property for the benefit of the unborn remaindermen. *Holmes v. Pickett,* 51 S. C., 280; 29 S. E., 82. *Bouknight v. Epting,* 11 S. C., 71.

The life estate of Mrs. Mary Brown Traynham is the second life estate. There may be any number of life estates, and the elimination of one does not destroy the subsequent estates not dependent upon them. 2 Wash. R. Prop., 569.

It is the policy of the law that an estate shall not exist as an executory devise if it can be sustained as a remainder. In such case the remainder is an alternative or substitutionary remainder to take the place of another which disappears upon a contingency. *Pearson v. Easterling,* 107 S. C., 266; 92 S. E., 619; Ann. Cas., 1918D, 980.

What kind of a remainder did Ryland P. Traynham and Thomas G. Traynham take under the will? Evidently it was a contingent remainder, because after the death of their mother even, it was contingent upon the death of the first life tenant, Mrs. Harris (Gibbon), without children or grandchildren. A "contingent remainder" is one which must vest in right at some time during the existence of the particular estate or, *eo instante,* that it determines. A "vested remainder" is one which has the present capacity to take effect in possession should the particular estate become vacant. The contingent remainder may vest in right and in possession at the end of the particular estate. *Faber v. Police,* 10 S. C., 376; *McElwee v. Wheeler,* 10 S. C., 392.

The next question is: Was the remainder to the unborn sons of Mary Brown Traynham descendible and devisable by them in their lifetime, although they died before the particular estate terminated by the death of Mrs. Gibbon? A contingent remainder is assignable, descendible, and devisable by the remainderman before the termination of the particular estate, if the right to the estate does not depend upon the existence or survival of the remainderman himself but upon some collateral event totally disconnected from the person. 1 Fearn on Remainders, 364–367; Tiedeman on Real Property, p. 409; 2 Wash. R. Prop., 568; *Dickson v. Dickson,* 23 S. C., 216; *Roundtree v. Roundtree,* 26 S. C., 450; 2 S. E., 474; *Gourdin v. Deas,* 27 S. C., 479; 4 S. E., 64; *Bank v. Garlington,* 54 S. C., 413; 32 S. E., 513; *DuBose v. Kell,* 105 S. C., 89; 89 S. E., 555; 23 R. C. L., p. 576.

A remainderman may at one stage of the particular estate
be uncertain and unascertained, but may at a different time
come *into esse* and be ascertained, and whose right to the
property does not depend upon his survival of another per-
son at that or any other future time. In other words, the
testatrix may have in expectancy and contemplation an un-
born child of a living beneficiary whom she desires to make
the object of her bounty. When that unborn child comes
into being and survives the second life tenant, he has a sub-
stantial right to the legacy, to be defeated only by the death
of the first life tenant with child or children living. Such
legatee would then have the right to mortgage or assign his
interest in the estate for his maintenance, support, or edu-
cation or otherwise. *Bank v. Garlington,* 54 S. C., 413;
32 S. E., 513; 2 Wash. R. P., 564; 23 R. C. L., 533; *Bentley
v. Long,* 1 Strob. Eq., 43; 47 Am. Dec., 523; 23 R. C. L.,
576; 20 A. & E. Cyc., 881; 1 Fearn on Rem., 305, 364.

Furthermore, as the law favors the early vesting of es-
tates, and in doubtful cases to regard a remainder vested
rather than contingent, and as the testatrix in the latter
clauses of her will regarded the contingency of her daugh-
ter, Mrs. Harris, who had been married 14 years, ever hav-
ing children very improbable, the remainder to the Trayn-
hams may be regarded as a vested remainder, subject to be
divested by the birth of children to the first life tenant, and
such children being in esse at her death. *McCreary v.
Coggeshall,* 74 S. C., 62; 53 S. E., 978; 7 L. R. A. (N. S.),
433; 7 Ann. Cas., 693; *Pearson v. Easterling,* 107 S. C.;
266; 92 S. E., 619; Ann. Cas., 1918D, 980; 2 Wash. R. P.,
570; Underhill on Wills, 1295.

From this view of the case the remainder to the children
of Mary Brown Traynham, after they came into existence
and after the death of their mother, leaving them surviv-
ing her, the said Ryland Pressley Traynham and Thomas
Gibbon Traynham acquired a vested remainder in fee, which
at the death of Ryland P. Traynham passed to his devisees,

the defendants herein, and at the death of Mrs. Corinna Mystis Harris (Gibbon), the first life tenant, the said remainder was vested in them in possession.

Wherefore, it is considered by the Court, ordered, decreed, and adjudged that the plaintiff has not the title to the premises in question, nor the right to the possession thereof, but that the defendants have title thereto and are entitled to retain the possession thereof, and that the complaint be dismissed with costs.

*Messrs. Richey & Richey* and *Featherstone & Knight,* for appellant, cite: *If person to take is uncertain, remainder is non-transmissible:* 26 S. C., 471; 23 S. C., 225; 78 S. C., 321; 21 L. R. A. (N. S.), 121; 17 A. L. R., 829. *Reverter was to heir-at-law of testatrix at falling in of life estate:* 81 S. C., 285; 81 S. C., 13.

*Mr. F. P. McGowan,* for respondents, cites: *Remainder that was contingent because vested:* 54 S. C., 413; Williams Real Prop., 233, 568; 105 S. C., 98; Ted. Real. Prop., Sec. 403; 27 S. C., 216; 26 S. C., 471; 87 S. C., 55; 4 Kent., 289; 23 S. C., 225; Fearne, Rems., 559, 560; 2 Wash. Real Prop., 562; 86 S. C., 1; 23 R. C. L., 524, 554, 566; 7 L. Ed., 761; 18 L. Ed., 869; 20 A. & E. Enc., 854; 3 Rich. Eq., 244; 107 S. C., 101; 9 Rich. Eq., 459.

*Messrs. Simpson, Cooper & Babb,* for respondents, cite: *Contingency having happened, remainder becomes vested:* 12 Rich. Eq.; 1 Dug., 265; 110 N. C., 6; Gearne Rems., 314; 364, 369, 372; 59 S. C., 17; 23 S. C., 216; 26 S. C., 472; 37 S. C., 268; 44 S. C., 520; 59 S. C., 17; 72 S. C., 184; 78 S. C., 317; 40 Cyc., 1682, 1683; 2 Wash. Real Prop., 568, 569, 591.

October 4, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The question raised by the appeal turns upon the construction of the will of Mrs. Jane Pressley, who died in 1875. The provisions of the will involved are as follows:

"Item 2. I give, devise and bequeath unto my executors * * * my house and lot * * * for the sole and separate use of my beloved daughter, Corrinna Mystis Harris, for and during the term of her natural life; * * * and from and immediately after her decease, I give and devise the same unto the children of my daughter, Corrinna M. Harris, if she should die leaving any, the child or children of any deceased child of my said daughter, Corrinna M. Harris, taking the share his, her or their parent would take if living, but in case my said daughter, Mrs. Harris, dies without leaving any child or children, or child or children of any deceased child surviving her, then I give and bequeath the said house and lot * * * to my granddaughter Mary Brown," etc.

Item 4. All the property that I have hereinbefore willed and bequeathed to my said granddaughter, Mary Brown, I give to my executors for her sole and separate use, during the term of her natural life, and at her death to her children, if any, or to any child or children of any deceased child of the said Mary Brown, and if she dies without any heirs of her body, I give the same to my grandson, Samuel P. Black," etc.

The Mrs. Corrinna Mystis Harris (Gibbon) named as the first life tenant of the property in controversy died in October, 1920, without ever having had children. In the meantime the granddaughter, Mary Brown, named as the second life tenant, then Mrs. Mary Brown Traynham, died intestate in 1900, leaving surviving her two sons, Ryland and Gibbon Traynham. Gibbon Traynham died intestate in 1917, leaving as his only heir-at-law his brother, Ryland, who died in August, 1920, leaving a will by which he devised the house and lot in controversy to the defendants in this action. The plaintiff is the Samuel P. Black named in the item 4 above quoted, and claims under the terms of said

item 4, or, failing in that, as the only heir-at-law of his grandmother, Jane Pressley. From a decree of Hon. Edward McIver, Circuit Judge, adjudging that the plaintiff was not entitled to recover possession of this real estate and that the title thereto was in the defendants, the plaintiff appeals.

The Circuit decree should be incorporated in the report of the case.

It is apparent that in no view of the case is the 1, 2 plaintiff-appellant entitled to recover if the Traynham sons of Mary Brown (Traynham), the second life tenant, took descendible and transmissible interest under the will of Mrs. Jane Pressley. Appellant concedes that and undertakes to demonstrate that the Traynhams were contingent remaindermen who never acquired such an estate or title as could be transmitted. The well-established doctrine, recognized and applied in a long line of decisions in this jurisdiction, that a contingent remainder is transmissible where the contingency depends upon the event and not upon the person, is not disputed. The contention is that since it was impossible to tell who would take in remainder until the death of Mrs. Harris (Gibbon), the first life tenant, the contingency was in the person or persons who were to take; that the description of the person to take could not be confined to or among any ascertainable person or persons during the life of Mrs. Harris; and that consequently the interest in remainder was not in anybody during that period, nor would it be transmissible or descendible from any one dying before it became vested by the death of Mrs. Harris.

The fallacy of that contention, we think, lies in the failure to recognize and give due effect to the alternative character of the contingent interests limited by the will. The first and preferred limitation over after the death of Mrs. Harris is to her children, or the children of any deceased child, "surviving her." The second distinct and alternative limita-

tion over after the death of Mrs. Harris is to Mary Brown
(Traynham) for life and at her death to her children, etc.
And the third alternative limitation over is to Samuel P.
Black, "if she (Mary Brown Traynham) dies without any
heirs of her body." It may be conceded that the contingent
remainders limited to the children and grandchildren of
Mrs. Harris surviving her, would not have been transmis-
sible if such children and grandchildren had come into exis-
tence. *Dickson v. Dickson,* 23 S. C., 225; *Roundtree v.
Roundtree,* 26 S. C., 472; 2 S. E., 474. But whether the
alternative contingent interests limited over to Mary Brown
·(Traynham's) children were transmissible is a question the
answer to which is in no wise dependent upon the transmis-
sibility of any other contingent interests. The provisions
of a will with respect to one contingency cannot affect pro-
visions a testator has made for another and wholly different
contingency. *Robert v. Ellis,* 59 S. C., 154; 37 S. E., 250.
Neither the life estate limited over to Mary Brown Trayn-
ham nor the remainder to her children was conditioned
upon Mary Brown Traynham or any of her children or
grandchildren being in existence at the time of the hap-
pening of the event upon which this alternative remainder
was to take effect, viz., the death of Mrs. Harris (Gibbon)
without leaving child or grandchild. The death of Mary
Brown Traynham before the falling in of the life estate
of Mrs. Harris (Gibbon) leaving her two sons, Gibbon and
Ryland Traynham, surviving her (*Key v. Weathersbee,*
43 S. C., 424; 21 S. E., 324; 49 Am. St. Rep., 846;
*Witherspoon v. Watts,* 18 S. C., 411), eliminated any pos-
sible uncertainty as to the personnel of the remaindermen
designated to take the alternative upon failure of the first
limitation over to the children and grandchildren of Mrs.
Harris. At the time of the death of the Traynhams, Gib-
bon and Ryland, they were definitely ascertained persons
to take in remainder, and the only uncertainty was as to
the event upon which their alternative remainder was to

take effect—the death of Mrs. Harris (Gibbon) without leaving child' or grandchildren. We are clearly of the opinion that the contingent remainders limited over to Gibbon Traynham and Ryland Traynham were at the time of their deaths descendible and transmissible. *Bank v. Garlington,* 54 S. C., 413; 32 S. E., 513; *DuBose v. Kell,* 105 S. C., 89; 89 S. E., 555.

The decree of the Circuit Judge is approved, and the judgment of the Circuit Court is affirmed.

CHIEF JUSTICE GARY and MR. JUSTICE FRASER, concur.

MR. JUSTICE COTHRAN: I concur in this opinion, and particularly on this ground: Although the interests of the Traynhams' sons were contingent and non-transmissible as long as both Mrs. Harris and Mrs. Traynham were alive, when they survived their mother, who died in the lifetime of Mrs. Harris, there was no longer any uncertainty as to the persons who were to take upon the death of Mrs. Harris without children, and consequently at that time (the death of their mother) their interests became transmissible although still contingent upon the death of Mrs. Harris without children.