### LOGAN v. BRUNSON.

1. WILLS—LIMITATION OF ESTATES.—A devise to A., "during the term of her natural life, and after her death in equal proportions among all her children," vests the remainder in the children of A. living at death of testator; and grand-children of the life tenant whose mother died before testator cannot take thereunder.

2. IBID.—IBID.—THE ACT OF 1883, Rev. Stat., 1998, cannot apply to this case, because, (a) the will took effect before its enactment; (b) it does not embrace a devise from a great-grand-father to his grand-children.

Before BUCHANAN, J., Sumter, October, 1898. Reversed.

Action for possession of land by Jimmie Logan and Lafate Logan against Mary Brunson, William H. Brunson, Blanding W. Brown, Hester Brown, Benjamin Brown, J. P. Logan, and Fannie Logan. From verdict and judgment for plaintiffs, defendants, appeal.

*Mr. H. Frank Wilson,* for appellants, cites: *As to vested transmissable interests:* 15 Strob. Eq., 44; 23 S. C., 512. *As to devise to a class:* 11 Rich. Eq., 527; 15 S. C., 432; 17 S. C., 53. *As to who of a class will take when there is a fixed period:* 1 Hill Ch., 311; 4 Rich. Eq., 346; 7 Rich. Eq., 125; 25 S. C., 292; 2 McC. Ch., 257; 2 Hill Ch., 431; 9 Rich. Eq., 470. *As to definition of children and how they take:* Bail. Eq., 351; 3 Rich. Eq., 559; 16 S. C., 227; 24 S. C., 314; 25 S. C., 362.

*Mr. H. L. B. Wells,* contra, cites: *As to the effect of the act of 1883 upon the construction of wills:* 18 Stat., 325; 17 S. C., 428; 36 S. C., 197.

July 25, 1899. The opinion of the Court was delivered by.

Mr. Chief Justice McIver. The plaintiff, alleging that they are tenants in common with the defendants of a certain tract of land, described in the complaint, brought this action for partition of said land. The defendants in their answer allege that they are the sole owners, as tenants in common, of the said land, and deny that plaintiffs have any interest therein. The issue of title thus raised was referred to a jury, who, under the instructions of the Circuit Judge, found a verdict that each of the plaintiffs was entitled to an undivided one-eighteenth part in the said land. Thereupon the Circuit Judge made his decree, adjudging that each of the plaintiffs was entitled in fee to one-eighteenth part of said land, and that each of the eight defendants was entitled to two-eighteenth parts of said land, and entered judgment for partition accordingly. From this judgment defendants appeal, imputing error to the Circuit Judge in his instructions to the jury, and consequent error in the judgment for partition.

The facts out of which this controversy has arisen, as we gather them from the somewhat meagre statement in the "Case," are undisputed, and are as follows: John Grooms,

having first duly made and executed his will, bearing date 18th of April, 1846, departed this life some time in the year 1881, leaving said will in full force. After providing for the payment of his debts, the testator disposed of his property as follows: "I will, devise and bequeath all my estate, both real and personal, consisting of the tract of land or plantation whereon I now live (the same being the land now in dispute), one negro, all my stock, plantation tools, household and kitchen furniture, and money or any other property I may leave at my death, to my wife, Sarah Grooms, during her natural life; and at the death of my wife I will and devise all the aforesaid property to Cornelius London, in trust, nevertheless, for the sole and separate use of my daughter (by my present wife), Mary C. Brown, the wife of William Brown, during the term of her natural life; and after death in equal proportions among all her children, the increase of my negro girl, Fanny, included, but not Fanny herself, who I will, after the death of my daughter, to my grand-daughter, Mary C. Brown, absolutely and forever; and lastly, I nominate and appoint Cornelius London trustee and executor of this my last will and testament." The testator's widow, Sarah Grooms, died soon after the death of her husband, probably in the latter part of the year 1881. Mary C. Brown, the daughter of the testator, died in September, 1896, leaving eight children, who are named as defendants in this action. The plaintiffs are the children of Sarah, a daughter of said Mary C. Brown, who predeceased the testator, as well as both the life tenants named in his will, to wit: the testator's widow, Sarah Grooms, and his daughter, Mary C. Brown, the said Sarah having died some time in the year 1861.

So that the sole question in the case is whether the plaintiffs, as grand-children of the last life tenant, Mrs. Mary C. Brown, are entitled, upon her death, to share with her surviving children in the estate in remainder. It will be observed that the land in question is devised by the testator, John Grooms, to his wife, Sarah Grooms, during her

natural life, and at her death, to Cornelius London, in trust for the sole and separate use of his daughter, Mary C. Brown, during the term of her natural life, and after her death in equal proportions among all her children. It is well settled in this State, at least, that where there is a devise to children, that word can never be construed so as to include grand-children, unless there are no children, or there are strong and conclusive circumstances to show that such was the intention of the testator. *Izard* v. *Izard,* 2 DeS. Eq., 309; *Ruff* v. *Rutherford,* Bail. Eq., 7; *Snoddy* v. *Snoddy,* 1 Strob. Eq., at page 87; *Bannister* v. *Bull,* 16 S. C., 220. See, also to the same effect, 2 Jarm. on Wills (3d Am. edit., Perkins), 51, and 5 Am. & Eng. Ency. of Law, at pp. 1085 and 1088. In this case it is conceded that there are children, and so far from there being in the will any words indicating an intent on the part of the testator to use the term "children" in such a broad sense as to include grand-children, it is apparent that he knew how to express his intention when his purpose was to provide for a grand-child; as, for example, the disposition he made of the negro girl, Fanny. It is clear, therefore, that the plaintiffs, being grand-children and not children of the life tenant, Mary C. Brown, cannot be included in the limitation over, after the death of such life tenants, to her *children.* The mother of the plaintiffs having predeceased the testator, and not being in existence when his will took effect, certainly could not take any interest or estate under the will, and, therefore, could not transmit any interest or estate to her children. So that plaintiffs could take nothing by purchase under the will, not being included within the class designated as "children" of the life tenant, Mary C. Brown; and they could take nothing by descent from their deceased mother, as she never became entitled to any estate under the will.

Nor can the plaintiff take any benefit from the provisions of the act of 1883, Rev. Stat., 1998, the provisions of which are as follows: "If any child should die in the lifetime of the father or mother, leaving issue, any legacy of personalty or

devise of real estate given in the last will of such father or mother shall go to such issue, unless such deceased child was equally portioned with the other children by the father or mother when living." This act cannot be applied to this case, for two reasons : 1st. Because it was not passed until more than two years after the death of John Grooms, when his will took effect, and the rights conferred had become vested. And upon well settled principles, no act can be given a retroactive effect when to do so would divest vested rights of property; especially when, as in this case, there is nothing in the act indicating an intention on the part of the legislature to give it a retroactive operation. Upon the death of John Grooms, in the early part of the year 1881, the rights of his devisees became fixed and determined, and under the law as it then stood—the previous statute of 1789—it had been determined that the provisions of the act of 1789, of which the act of 1883 was an amendment, did not apply to *devises* of real estate, but was limited to legacies of personalty. *Pratt* v. *McGhee,* 17 S. C., 428. So that even if the act of 1883 was otherwise applicable to this case, the view just presented would be an insuperable bar to its application under the admitted facts of the case. There is, however, a second reason why the act cannot be applied to this case. Prior to the act of 1789, it was the settled rule that where a legacy or devise was given in a will to any person, and such person died before the will took effect, his legacy or devise lapsed; and the sole object of the act of 1789, even after it was amended by the act of 1883, was to prevent such a lapse, under certain circumstances plainly specified in the act. Now what were those circumstances? 1st. The legacy (or devise since the act of 1883) must be given to a *child* by the will of *his father or mother.* 2d. Such *child* must have died leaving issue. And 3d. Such *child* must not have been equally portioned with the other *children* by the *father* or *mother* when living. By the express terms of the statute its provisions are limited to a case in which a *father* or *mother* by his or her will gives a

legacy or devise to a *child,* and such child dies in the lifetime of the parent, leaving issue. This is not the case here, for the effort here is' *to* apply the provisions of the statute *not* to the case of a devise by a parent to his child, but to a devise by a great-grand-father to his grand-children in remainder, by which such devise is to be so extended as to embrace the great-grand-children of the testator. In the face of the ex--press language of the statute, we do not see by what authority this Court can so extend its provisions. See *Pegues* v. *Pegues,* 11 Rich. Eq., 554, and *Roundtree* v. *Roundtree,* 26 S. C., 450. It seems to us, therefore,· that the Circuit Judge erred in instructing the jury that they must find a verdict for the plaintiffs, and also erred in his decree adjudging that plaintiffs were entitled to partition.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the complaint be dismissed.