10383

BARTELL *ET AL* v. EDWARDS *ET AL.*

(102 S. E. 210.)

1. JUDGMENT—CONCLUSIVE AS TO MATTERS THAT MIGHT HAVE BEEN RAISED AND DECIDED.—Plaintiff's ancestor having claimed a fee in an entire tract, and it having been adjudged in an action by her that she only had a life estate, neither she nor her privies or heirs could afterwards claim that she was entitled to a fee in one-third thereof, although the question as to a one-third interest was not raised, as it might have been litigated.

2. WILLS—WIFE AS LIFE TENANT NOT "HEIR" UNDER WILL.—Where wife owned a plantation and conveyed it in fee to her husband, who immediately executed a paper in form of a will bequeathing the plantation to the wife during her lifetime, and after her decease "the said plantation shall return to the heirs" of the husband, such wife was not included as a remainderman, and her heirs were not entitled to participate in the distribution on her death after the death of the husband.

Before PEURIFOY, J., Florence, —— term, ——.  Affirmed.

Action by Sarah A. Bartell and others against Barnabas Edwards and others.  Judgment for defendant, and plaintiffs appeal.

*Messrs. C. J. Gasque* and *Lee & Shuler,* for defendant,
cite: *As to covenants to stand seized to uses—their charac-
teristics and requisites:* 2 Blackstone, p. 338; 4 S. C. 634; 1
Am. Dec. 231; 1 Am. Dec. 229; 4 Kent 493; 24 S. C. 234;
3 Washburn, p. 606. *Except in wills and trust deeds, a
fee cannot be created without the use of words of limita-
tion:* 101 S. C. 424; 102 S. C. 361; 109 S. C. 44. *Limita-
tion to the heirs of grantor is void:* 38 S. C. 66; 75 A. S. R.
152; 16 Cyc. 61, note; 1 Strobh. Eq. 114; 109 S. C. 416;
102 S. C. 360. *There is a wide difference between the effect
of a judgment as a bar or estoppel against the prosecution
of a second action brought upon the same claim or demand,
and its effect as an estoppel in another action between the
same parties upon a different claim or cause of action:* 15 R.
C. L. 951-962; 77 S. C. 493. *If different evidence would be
required, a judgment in one case is no bar to the other:* 15
R. C. L. 964. *The causes of action being different, it must
appear here that the precise point in issue was decided in the
first action in order that the doctrine of res adjudicata may
apply:* 17 S. C. 40; 50 S. C. 87; 77 S. C. 493. *Judge Shipp
expressly decided in the first action that the deed executed
by Martha Edwards to her husband on July 28, 1874, and
the instrument executed by him to her on the same day, con-
stituted one transaction, being in effect a conveyance of the
fee in the land to him, with an exception in favor of herself,
and the respondent here, who were defendants in that action,
are estopped by the judgment of Judge Shipp:* 15 R. C. L.
973-975; 63 A. S. R. 234.

*Messrs. Willcox & Willcox, G. F. Stalvey* and *Henry E.
Davis,* for respondents. *Messrs. Willcox & Willcox* cite:
*As to covenants to stand seized to uses—their characteristics
and requisites:* 24 S. C. 235; 1 Rich. 161; Willis 682; Wil-
lis 673; 4 Taunt 20; 4 Kent 465; 2 Ark. 148; 3 Preston on
Abstracts 13, 14; 4 Code 175; 7 Bro. P. C. 70; T. R. 474;
1 Vent. 137; 3 Lev. 291; 4 Mod. 150; 2 Roll Ab. 796; 1

P. Will 162; 2 Wilson 22, 75; Willis Rep. 673; Shep.
Touch. 86; 1 Rich. 170; 4 Wecc., p. 617; 44 DeS. 264; 52
S. C. 110; 83 S. C. 329; 89 S. C. 198, 216; 64 Am. Dec.
147; 13 Cyc., pp. 523 and 624, and notes; 12 S. C. 564; 16
S. C. 142; 84 S. C. 468. *This action, under the principles
of res judicata, is barred by the former decree in the case
of Martha E. Edwards v. Barnabas Edwards et al.:* 52 S. C.
175; Bailey's Equity 362; 4 Richardson's Equity 370; 19
S. C. 150; 33 S. C. 498; 43 S. C. 221; 48 S. C. 154; 48 S.
C. 321; 50 S. C. 68; 63 S. C. 406; 67 S. C. 224; Bouvier's
Institutes 373, 374; 77 Am. St. Reports 820; 23 Cyc., p.
1253; 52 S. C. 166; 94 U. S. 351; 81 S. C. 516; 205 U. S.
122; 51 L. Ed. 741; 91 U. S. 526; 23 L. Ed. 416; 124 U. S.
225; 31 L. Ed. 411; 8 Sup. Ct. Rep. 495; Freeman, Judge,
on paragraph 267; 94 U. S. 351; 24 L. Ed. 195; 167 U. S.
396; 42 L. Ed. 210; 17 Sup. Ct. 905; 168 U. S. 1; 42 L.
Ed. 355; 18 Sup. Ct. Rep. 252; 191 U. S. 499; 48 L. Ed.
276; 24 Sup. Ct. Rep. 154; Herman Estoppel, paragraph 92;
192 U. S. 355; 48 L. Ed. 476; 24 Sup. Ct. Rep. 266; 1 Salk.
11; 2 Allen 331; Freeman, Judge, on 4th Ed., pars. 238-241.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This case was brought as an action for partition. The
defendants set up title in themselves. The case had been
ably argued on both sides with a display of much learning,
but, as this Court sees it, the case is, in its last analysis, very
simple.

William Edwards and Martha E. Edwards were husband
and wife. Martha owned a plantation and conveyed it in
fee simple to her husband. On the day of the conveyance
Edwards executed a paper, in form a will, as follows:

"State of South Carolina, Marion County. In the name
of God, Amen. I, Wm. Edwards, of the said State and

county, being of sound mind and memory and considering
the uncertainty of this frail and transitory life, do, there-
fore, give and bequeath to my beloved wife during her life-
time one plantation or tract of land containing three hun-
dred and four acres, conveyed by her to me on the 28th day
of July, 1874, bounded N. E. by S. Parker's land, E. by
Capt. McWhite's and H. Bartell's land, south by Little and
Big Swamp and S. W. by lands of the estate of B. I. Bos-
tick, and it is the condition of this will that after her decease
the said plantation shall return to the heirs of Wm. Edwards.
In witness whereof, I have hereto set my name and seal this
twenty-eighth day of July, one thousand eight hundred and
seventy-four.    William Edwards."

This so-called will had only two witnesses, and was filed
for record and recorded on the same day as the deed.    The
papers were then taken back and delivered to and kept by
Martha.    William predeceased Martha.    After the death
of William, Martha brought action against the heirs at law
of William (the children of a former marriage) to declare
the deed void for fraud and the so-called will a nullity.    The
case was tried before Judge Shipp, who sustained the deed
and refused to declare the so-called will a nullity, but held
that, while the so-called will was inoperative as a will, yet
the two papers, taken together, set forth the true contract
between the parties, and that the real contract as evidenced
by these two writings conveyed the fee to William with a life
estate to Martha, and a remainder to the heirs of William,
after Martha's death.    William died in 1894, and Martha
died in 1914.    After the death of Martha, this action was
instituted by her heirs at law for partition, and plaintiffs
claimed title, on the ground that Martha was the wife and
one of the heirs at law of William, her husband.

1. The first defense to be considered is that the plaintiffs
are estopped by suit brought by Martha against the heirs of

William.    This position must be sustained.    It is elemental law that a judgment not only estops the parties to the action and their privies from again raising the questions at issue in that case, but also such questions as might have been raised and decided by it.    Martha having claimed a fee in the whole tract, and it having been adjudged that she had only a life estate, neither she nor her privies could afterwards claim that she was entitled to a fee in one-third thereof.

2.  While it is not necessary to consider the other defenses, yet it may not be amiss to do so.    The defense claims that Martha was not included as a remainderman, even though the word "heirs" was used, and Martha, as the wife, was one of the heirs of William.    This defense is also sustained.    Judge Peurifoy heard this case and sustained the defense.

The appellant cites *Rochell v. Tompkins,* 1 Strob. Eq. 114, as conclusive authority for appellants.    The case does not bear out the appellant's contention.    In *Rochell v. Tompkins* the wife was given a life estate, with a reversion to the estate of the testator.    The testator was intestate as to the remainder, and, of course, the wife, as an heir, inherited her share of the remainder.    Here there was a remainder over after the death of Martha, the life tenant, and that remainder did not take effect until Martha was dead and could not inherit.

There are some questions reserved for future determination, and they are left open.

The judgment appealed from is affirmed.