### 14087

IN RE. WARREN'S WILL
OSWALT *ET AL*. v. BARR *ET AL*.

(180 S. E., 458)

*Mr. E. L. Asbill*, for appellants,

*Messrs. McKendree Barr, B. W. Crouch* and *Jack D. Hall*, for respondents,

June 11, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The case comes to this Court on appeal from a decree issued by his Honor, Judge T. S. Sease, who heard the case on appeal from an order of Honorable J. D. Boozer, Judge of Probate for Lexington County, in which county the action was commenced, involving the construction of the will of F. A. Warren, deceased. According to the agreed state-

ment of the parties, set forth in the transcript of record, only two questions are raised by the appeal for this Court's consideration, namely:

. "Do the children of Mrs. Sallie Oswalt take anything under this will?

"Do the children of John F. A. Warren take anything under the will?"

The Probate Judge answered these questions in the affirmative, whereas Judge Sease answered them in the negative, and as stated, reversed the order of the Probate Judge.

For the purpose of the appeal, the parties agreed to the following facts, which we quote in order to give a clear understanding of the issues presented:

"The purpose of this hearing as stated by the attorneys for the legatees and for the executor is to determine who takes under the residuary clause of this will.

"It is agreed that Mrs. Susan Warren mentioned in Paragraph six of this will survived both the testator and his sister, Mrs. Irene Corbitt, and that Mrs. Susan Warren has since died and left as her children, Mrs. Annie Bell Whittle, Mrs. Alma Rissinger and Sidney Warren, and these three children are the only heirs-at-law and next of kin to Mrs. Susan Warren. It is also agreed that Mrs. Annie Bell Whittle and Mrs. Alma Rissinger mentioned in Paragraph seven of the will, take each an equal part in the residue of testator's estate, along with all other parties that the Court may determine share in said residue.

"The children of George Warren, who survived the testator and Mrs. Irene Corbitt, and are now living, are: John Warren and Mrs. Mattie Corley. Mrs. Sallie Oswalt was also a child of the said George Warren, but she died after the death of the testator and before the death of Mrs. Irene Corbitt. The said Mrs. Sallie Oswalt left children as follows: Mrs. Virginia Sullivan, Mrs. Maggie Mack, Mrs. Maybelle Mack, and Mrs. Queenie Gulledge, all of full age,

and these children are the sole heirs-at-law and next of kin of the said Mrs. Sallie Oswalt, deceased, her husband, James Oswalt, having died since Mrs. Sallie Oswalt's death. These children claim the interest of their mother in the residue of this estate, if it be found that their said mother inherits under the will.

"The children of Simps Warren, now living, are: J. W. C. Warren, Emory Warren, J. Clifton Warren, Mrs. Mamie Smith. The said Simps Warren also left a son named John F. A. Warren, but this son died between the death of the testator and the death of Mrs. Irene Corbitt. He left heirs-at-law as follows: Mrs. Mary Warren, his widow, and children as follows: Mrs. Lila Shealy, Marvin Warren, Wilbur Warren, Estelle Warren, age 18; Moise Warren, age 16; all except the two last-named children are above the age of 21 years. These heirs of John F. A. Warren claim under the will a share in the residue of the estate under item seven of the will.

"It is agreed that Lemon Warren and Joel Warren were nephews of the testator and Epsy Warren was a niece of the testator, and it is further agreed that these two nephews and niece were dead when the will was executed.

"The children of Lemon Warren now living are: Mrs. Eula Shealy, Mrs. Jemina Raburn and Mrs. Elizabeth Miller, and each of these is above age 21. Lemon Warren had another child, Mrs. Essie Whitman, and she has died since the death of the testator and the death of Mrs. Irene Corbitt. She left a husband, now living, named Norman Whitman, and also left children now living as follows: Tennyson Whitman, age 24; Henry Whitman, age 22; Essie Lee Whitman, age 20; George Cepus Whitman, age 15; James Whitman, age 13; Duett Whitman and Duane Whitman, age 11; Dorothy Whitman, age 8, and Norman Whitman, Jr., age 5.

"The children of Joel Warren now living are Willie Warren, and he is above the age of 21.

"The children of Mrs. Epsy Warren Smith now living are Mrs. Eppie Price, and she is above the age of 21."

It is conceded by all parties that Paragraph 7 of the will is the section directly involved in this appeal, but the matter can better be understood by reading the entire will, which we quote herewith, omitting, however, the formal parts:

"2. I will, devise and bequeath to my beloved stepgrandson, D. D. Barr, whom I raised along with my beloved wife now deceased, from early childhood, and who is still living with me, to be his and his heirs and assigns forever, all that piece, parcel or tract of land situate, lying and being in the county and state aforesaid, containing over one hundred acres, known as the 'Shealy Place,' together with about six acres frontage, more or less, on the Holley Ferry road leading from Leesville, S. C., to Holley's Ferry, and being bounded on the north by lands of Mrs. Rebecca Warren, deceased; on the east by creek separating said lands from lands of C. D. Barr and estate lands of Mrs. C. E. Livingston, deceased, on the south by lands of W. P. Timmerman, Rev. William Roof and Rufus Taylor, and on the west by Holley Ferry road.

"3. I will, devise and bequeath to the said D. D. Barr, upon condition that he erect a substantial appropriate fence around and enclosing the Warren graveyard on the Mt. Willing road in Saluda County and the Warren graveyard near the old home place of Joel Warren, deceased, in Lexington County, provided same can be done in peace with the surrounding land owners, the following lot or tract of land, to wit: All that piece, parcel or lot of land situate, lying and being in the county and state aforesaid, containing three and one-half (3½) acres, no more, no less, being bounded on the north by road leading from the front of home where I now reside on the Devil's Backbone road to and into the Holley Ferry road near the front of the home of Jim Leaphart; on the east by lands of Mrs. Rebecca Warren,

deceased and Devil's Backbone Road; on the south by other lands of myself, and on the west by Holley Ferry road.

"4. I will, devise and bequeath to my beloved sister, Mrs. Irene Corbitt, if she be living at time of my death, for her comfortable support and maintenance, during her natural life time, and after her death to go as hereinafterwards provided for, without power to dispose of or encumber same with any kind of encumbrance whatsoever, the following property, to wit: All that piece, parcel or lot of land situate, lying and being in the county and state aforesaid, containing twelve acres, more or less, bounded on the north by the three and one-half acre tract of land described in paragraph three hereof; on the east by Devil's Backbone road, and on the south by point where Devil's Backbone road runs into Holley Ferry road, and on the west by Holley Ferry road. Also, all that piece, parcel or tract of land lying just west across Holley Ferry road from the tract just above described, containing twenty acres, more or less, being bounded on the north by lands of Jim Leaphart, on the east by Holley Ferry road, and on the south by road leading in by St. James Church grounds towards West or Gin branch, and on the west by lands of Jim Leaphart.

"5. I will, devise and bequeath to the same said D. D. Barr, his heirs and assigns forever, after the death of my beloved sister, Mrs. Irene Corbitt, if she survive me, all of the tract of land first described in paragraph four (4) hereof, upon the payment by him of thirty-five ($35.00) dollars per acre to my estate for same. It is also my will and desire that the said D. D. Barr have the privilege of cultivating four or five acres of the tract of land first above described on the north side thereof adjoining the three and one-half acres herein willed to him in paragraph three hereof, upon the payment of twenty ($20.00) dollars per year in rental therefor to the said Mrs. Irene Corbitt.

"6. I will and bequeath to J. W. C. Warren, my nephew, and to Sidney Warren, my grand-nephew, the sum of fifty

($50.00) dollars each, and to Mrs. Susan Warren, the widow of Charlie Warren, my deceased nephew, the sum of one hundred ($100.00) dollars, if they survive me and my sister, Mrs. Irene Corbitt, to be their entire and complete share under this my last will and testament.

"7. I will, devise and bequeath to all the children of my deceased brothers, George Warren, Simps Warren and my nephews and niece, Lemon Warren, Joel Warren and Epsy Warren, living at the time of my death and the death of my sister, Mrs. Irene Corbitt, if she survives me, and not otherwise herein provided for, and to my grand-niece, Annie Bell Whittle and Alma Rissinger also, if living at the time of my death and the death of my said sister if she survives me, all the rest and residue of my estate, both real and personal not hereinbefore disposed of or disposed of by contract, option or otherwise, that I die lawfully possessed of, share and share alike.

"8. I will and desire that my executor hereinafter named, make no division or distribution under this my last will and testament until after the death of my sister Mrs. Irene Corbitt, if she survives me.

"9. I hereby give, grant and will that my executor hereinafter named have full power under this my last will to sell and convey by proper deed of conveyance any and all property, real or personal, that I die lawfully possessed of, either at private or public sale as he may deem best, and for such terms and price or prices as he thinks wise and best, and that he make distribution of all such funds from the sale of all property necessary to the carrying out of this my will as herein provided for."

We are of the opinion that his Honor, Judge Sease, who heard the cause on the circuit, reached the right conclusion in the case, and for the reasons set forth in his Honor's said decree, which will be incorporated in the report of the case, the decree is hereby affirmed, and the exceptions are overruled.

MR. CHIEF JUSTICE STABLER, and MESSRS. JUSTICES BONHAM, BAKER, and FISHBURNE, concur.