14510

MAGRATH v. MAGRATH *ET AL.*
MAGRATH *ET AL.* v. MARSHALL *ET AL.*

(192 S. E., 273)

244 

 June, 1936, January, 1937, 

*Mr. Henry Buist, Jr.,* for appellant, cites:

*Messrs. Nathaniel B. Barnwell* and *Lionel K. Legge,* for respondents, cite:

July 8, 1937.

The opinion of the Court was delivered by Mr. Justice Fishburne.

William J. Magrath, a resident of Charleston County, died on May 8, 1902, leaving of force his will, which was thereafter admitted to probate in the Probate Court for Charleston County. Surviving him as his next of kin were his widow, Selina E. Magrath, and their two daughters, Maria Gordon Magrath and Emily Magrath, petitioners in this proceeding.

This appeal involves the construction of the will of William J. Magrath with reference to the remainder in his estate, and the present disposition of the remaining assets of his estate.

On June 5, 1936, Maria Gordon Magrath and Emily Magrath filed their petition in the cause, alleging that the remainder of the residuary estate was, under the will, vested in them and in the survivor of them, subject to be divested only

in the event of the death of either of them leaving issue surviving, and praying that the will be so construed. The defendants, Alexander Marshall, as administrator d. b. n. c. t. a. of William J. Magrath, and Carolina Savings Bank, as trustee, were made parties defendant on motion of the petitioners by order of the Court. Both defendants have answered.

The answer of Carolina Savings Bank is formal, praying the instruction of the Court. .

The answer of Alexander Marshall, as administrator d. b. n. c. t. a., raises the issue that under the proper construction of the testator's will, the remaindermen are, or will be, those persons who, upon the death of both of the petitioners leaving no child or children surviving either, will at that time constitute the testator's next of kin, the answer further alleging that the persons now *in esse* who will constitute the next of kin of the testator at that time are certain grandnieces and grandnephews of the testator. Upon this answer, motion was made to join such grandnieces and grandnephews as parties in the cause. This motion was overruled by his Honor, Judge Grimball, before whom it was made, who held that the grandnieces and grandnephews had no possible interest under the will, and were therefore neither necessary nor proper parties, and the motion was accordingly refused.

The cause was referred to the Honorable Wm. McG. Morrison, Master for Charleston County, who, in a very full and exhaustive report, sustained the contentions of the petitioners as to the construction of the will and the present disposition of the assets of the estate. The cause then came up before his Honor, Circuit Judge Mann, upon appeal from the Master's report, who, by his decree, dated January 11, 1937, confirmed the findings and conclusions of the Master.

The present appeal is from the order of Judge Grimball and the decree of Judge Mann.

Counsel for the appellant, Alexander Marshall, in his brief, formulates four questions for our decision, as follows:

1. Are the necessary and proper parties before the Court?

2. What is the proper construction of the will of William J. Magrath?

3. Is it, or is it not, the law of the case that the respondents being bound by former decrees of the Court, the issues now raised are *res adjudicata* against the contention of the respondents?

4. Under the trusts which are binding upon the respondents, a resulting trust will arise in favor of the grandchildren of the brother of the testator.

These issues have been ably and learnedly argued, but after a careful study and consideration of the record and of the authorities in this State and elsewhere, we adopt, as the judgment of this Court, the report of the Master confirmed by the Circuit Judge, which will be reported.

The respondents, upon their petition duly filed, prior to the call of the case before us, sought and were granted permission to attack three decisions of this Court, to the end that they should be reviewed and overruled. The decisions referred to are: *Bartell v. Edwards,* 113 S. C., 217, 102 S. E., 210; *Home Bank v. Fox,* 113 S. C., 378, 102 S. E., 643, and *Lemmon v. McElroy,* 113 S. C., 532, 101 S. E., 852.

It is asserted and argued that the principle or rule of construction announced in these cases is directly at variance with the principles laid down in numerous decisions of this Court, rendered both before and since the report of these cases, notably the leading cases of *McFadden v. McFadden,* 107 S. C., 101, 91 S. E., 986; *Avinger v. Avinger,* 116 S. C., 125, 107 S. E., 26, 29; and *Clardy v. Clardy,* 122 S. C., 451, 115 S. E., 603, 604.

Respondents contend that the three cases under attack express a principle opposed to the universally recognized rule of testamentary construction, namely, that in the absence of clear and unambiguous indications of a different intention, derived from the context of the will read in the light of the surrounding circumstances, a class described as testator's

heirs or next of kin, or relations, or such persons as would take by the rules of law if he had died intestate, to whom a remainder or executory interest is given by the will, is to be ascertained at the death of the testator, unless a different time is fixed by the word "surviving," or some other equivalent expression; and that the circumstance that the first taker or life tenant will be one of the class to whom the limitation over is made, is not so incongruous or inconsistent as to preclude the ascertainment of the membership of the class as of the time of testator's death.

A comparison and analysis of the three cases referred to show unquestionably that they are out of line with the weight of authority in this State and the overwhelming weight of authority elsewhere. In subsequent cases they have not escaped criticism in this Court upon the point involved in this appeal, which will be more fully comprehended from a reading of the Master's report.

The late Judge Ernest Moore of the Circuit bench in his learned decree in the case of *Clardy v. Clardy, supra,* which was affirmed on appeal, after citing many cases from this State and from other jurisdictions to the effect that the well-recognized rule is that, where there is a devise to "heirs" as a class, they take at the death of the testator, unless a different time is fixed by the word "surviving," or some other equivalent expression, and that where a life tenant is also one of a class designated as remaindermen, he is not deprived of his right as a remainderman because of the fact that he is also the life tenant, said: "The late South Carolina case of *Bartell v. Edwards,* 113 S. C., 217, 102 S. E., 210, is cited as opposed to these conclusions. It appears to this Court, however, that the decision upon the second point passed upon in the *Bartell case* was not necessary to dispose of the case, and might be regarded as dictum; and it further seems that this case is out of line with the current of authority in this State. No reference was made to the *McFadden case* or the other previous South Carolina cases on

the point. An effort was made by the defendant to harmonize this case with the other cases, but the argument was not convincing. See *Welch v. Blanchard* (1911), [208 Mass., 523, 94 N. E., 811], 33 L. R. A. (N. S.), pages 1 to 53, for a very full note upon the question here involved. The reasons for supporting the rule are given as well as the argument against it."

This Court, with the exception of Mr. Justice Cothran, in adopting Judge Moore's decree on Circuit, however, did not overrule the *Bartell case,* because it was stated, without discussion, that the facts appearing therein were different from the facts in the case under consideration.

Mr. Justice Cothran, in his concurring opinion in this case, said: "I concur in affirming the circuit decree for the reasons therein stated, and am of the opinion that the cases of *Lemmon v. McElroy,* 113 S. C. [532], 537, 101 S. E., 852, and *Bartell v. Edwards,* 113 S. C., 217, 102 S. E., 210, which upon the point decided herein are out of line with the weight of authority in this State and elsewhere should be distinctly overruled."

With reference to the case of *Home Bank v. Fox, supra,* Mr. Justice Cothran, in his concurring opinion in *Avinger v. Avinger, supra,* had this to say: "I cannot reconcile this case, nor the *McFadden case,* nor the other cases cited herein, with the very late decision of the court, *Home Bank v. Fox,* 113 S. C., 378, 102 S. E., 643." And he further stated in his concurring opinion, "I think that the *McFadden case* is entirely in harmony with the cases cited therein and hereinabove, that the *Lemmon case* is not, and that it should be so declared."

The case of *Lemmon v. McElroy,* again meets with criticism by this Court in *Wannamaker et al. v. South Carolina State Bank et al.,* 176 S. C., 133, 179 S. E., 896, in which case this Court, speaking through Mr. Justice Bonham, quotes with approval from the concurring opinion of Mr. Justice Cothran in the *Avinger case,* to the effect that the de-

cision in *Lemmon v. McElroy* is contrary to the overwhelming weight of authority in this State.

Without doubt the holding in *Bartell v. Edwards, supra; Home Bank v. Fox, supra,* and *Lemmon v. McElroy, supra,* is in irreconcilable conflict, on the point under consideration, with the overwhelming weight of authority in this State. *Bentley v. Long,* 1 Strob. Eq., 43, 47 Am. Dec., 523; *Boyd v. Hall,* 104 S. C., 425, 89 S. E., 403; *Brown v. McCall,* 44 S. C., 503, 22 S. E., 823; *Boyce v. Mosely,* 102 S. C., 361; 86 S. E., 771; *McFadden v. McFadden, supra; Walker v. Alverson,* 87 S. C., 55, 68 S. E., 966, 30 L. R. A. (N. S.), 115; *Bankhead v. Carlisle,* 1 Hill Eq., 357; *Avinger v. Avinger, supra; Clardy v. Clardy, supra.* And in conflict with the overwhelming weight of authority recognized in other jurisdictions, as will be seen by reference to 69 C. J., Wills, § 1279 *et seq.,* and the numerous cases cited under this section. Also see a most comprehensive note on the subject, found in 13 A. L. R., 615, following the report of the well-considered case of *Himmel v. Himmel,* 294 Ill., 557, 128 N. E., 641, 13 A. L. R., 608.

Inasmuch as these three cases are out of harmony with the settled rule in this State, they are no longer to be regarded as announcing the correct rule, and to the extent that the principle therein declared is out of line upon the issue here involved, they are overruled.

Under the well-settled law in this State, the remainder in fee in the testator's estate is vested in the petitioners, Maria Gordon Magrath and Emily Magrath, and the survivor of them, subject to be divested only upon the death of either or both of them leaving a child or children surviving; and in that event, in favor of such child or children. It logically follows, in accordance with the report of the Master and the circuit decree, that the defendant, Carolina Savings Bank, will file its account of its actings and doings as trustee, and transfer and deliver to each of the petitioners one-half of the assets of the estate of William J. Magrath remaining in its

hands, possession, or control, the same to be held and handled by the said petitioners respectively in accordance with the will of the testator.

As directed by the circuit decree, the costs in this proceeding will be paid out of the estate.

We have carefully considered the questions raised by the appellant, and have studied with sustained interest the able brief of appellant's counsel, but we conclude that there is no merit in the exceptions.

The judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER, concur.