15187

BAITARY v. GAHAGAN

(12 S. E. (2d), 735)

June, 1940.

*Messrs. Walker, Walker & Jenkins* for appellant,

*Messrs. Barnwell & Whaley*, for respondent,

December 30, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is a most unusual case in more ways than one, and the precise question which is attempted to be raised has never been before this Court. Indeed, the opening statement of respondent's printed argument is: "The recitals of the complaint set out, we concede, an extraordinary and almost fantastic tale. They were, however, established in Court to the satisfaction of a Court and jury and a judgment based on these facts has been entered."

On September 18, 1939 (this is the date on which the verification to the complaint was made), the respondent herein commenced his action in the Court of Common Pleas for Charleston County, alleging in his complaint that on or about the 6th day of September, 1939, the appellant purchased from ·him a certain motor yacht named the "Mary G. Moorehead" (and otherwise described said yacht) at and for the sum of $4,500.00, and paid to respondent the sum of $100.00 on account, leaving a balance of $4,400.00; that respondent delivered the said motor yacht to appellant on said date and has demanded of him the payment of said balance of the purchase price and that the appellant has failed and refused to pay the same. The prayer of the complaint was for judgment in favor of respondent against appellant in said last-mentioned sum of money.

522

Appellant duly filed answer to this complaint and the said action was at the time hereinafter mentioned and is yet pending.

On November 6, 1939, respondent commenced a second action against appellant, growing out of the same transaction, but alleging in the second action that he was the owner of the motor yacht named the "Mary G. Moorehead" and otherwise described it as described in the first complaint; that respondent was engaged in the business of hiring out the said motor yacht for fishing, hunting and pleasure trips, of taking out on said motor yacht for hire, parties desiring to make trips about the waters of Charleston harbor and vicinity and of carrying fishing parties on said motor yacht for deep sea fishing off the entrance to Charleston harbor; that on or about the .... day of September, 1939, the appellant (who had previously contracted and agreed to buy from respondent the said motor yacht, but who has failed to carry out his contract of purchase), under the pretense that he desired to examine said motor yacht and wished to have certain alterations and repairs made before paying for same, but in fact for the fraudulent and deceitful purpose and intention of depriving respondent of the use of the same, and of interfering with and destroying his business as aforesaid by the fraudulent device hereinafter set forth, induced respondent to have the said motor yacht hauled up on the marine railway of the Mt. Pleasant Boat Building Company at Mt. Pleasant, South Carolina, and fraudulently persuaded said respondent to let him have certain alterations and repairs made to the said motor yacht, promising and agreeing that he would promptly pay for such repairs and alterations; that relying on the promise of appellant as aforesaid, respondent took the said motor yacht to the said boat yard and permitted the appellant to make his own arrangements with the said boat yard to repair and make alterations to the same, and that the said boat building company then proceeded to make alterations in and repairs to the said motor yacht under the direct supervision of appellant at a cost

of over $350.00; that appellant well knew the repairs and alterations made on said motor yacht created a lien on the yacht in favor of the boat building company, even though the cost of the same was not an indebtedness of respondent, but a direct obligation of the appellant, and that the appellant in pursuance of the said fraudulent and deceitful purpose and to carry out his intention to defraud respondent of the use of the motor yacht, and to interfere with and destroy his business as aforesaid, refused and still refuses to pay for the repairs and alterations and that the said motor yacht has been and still is held under lien for repairs by the boat building company; that respondent is without funds to pay for the said repairs and alterations and that as a result of the said fraud and deceit of the appellant as aforesaid, respondent has been and still is deprived of the use of the said motor yacht and has been and still is prevented by the said appellant from carrying on his business as aforesaid, to his damage in the sum of $2,500.00; and prayed relief in such amount.

The last-mentioned complaint above was served upon appellant with summons in the usual form, but appellant failed and neglected to pay any attention whatsoever thereto, and the cause was docketed for trial on the default calendar (Calendar No. 3), came to trial, and resulted in a verdict in behalf of respondent against the appellant in the full sum of $2,500.00 asked, on which judgment was entered on April 19, 1940.

Subsequent to the entry of said judgment, after due notice, on the 3rd day of June, 1940, appellant moved before the presiding Judge at Charleston, South Carolina, the Honorable Wm. H. Grimball, for an order vacating and setting aside the judgment on the ground that "the plaintiff (respondent) is barred and excluded from maintaining the action in which said judgment was rendered, he having elected in a prior action now pending in this Court, between the same plaintiff (respondent) and defendant (appellant) to pursue a different remedy, on a state of facts, forming the

basis of both said actions, inconsistent with and repugnant to, the facts as set forth in the complaint in this action."

In an order filed on June 4, Judge Grimball refused the motion and in so doing, stated: "Here we have two entirely separate and distinct causes of action; one for the unpaid balance of the purchase price of goods under a contract; and the other for injuries sustained by plaintiff because of a fraudulent act of defendant committed at a time subsequent to the date of the contract of purchase and sale. These two causes of action did not arise at the same time. They are not the part of the same transaction. They arose at different times as the result of two entirely different transactions; one the contract of purchase and sale, and the other the subsequent injury from the subsequently conceived purpose and enterprise to defraud."

From this order an appeal has been taken to this Court upon appropriate exceptions.

There is no claim on the part of appellant that he failed to answer or plead to the complaint by reason of excusable neglect, etc.; and he is not asking to be allowed to plead thereto, but takes the position that the judgment entered is null and void for that respondent was barred and excluded from maintaining this action, he having elected in a prior action now pending before this Court, to pursue a different remedy on an inconsistent and repugnant state of facts forming the basis of both of said actions.

While the Court has been furnished with most excellent briefs by counsel for the respective litigants on the questions of "inconsistent causes of action," "election of remedies" and "election of remedial rights," yet, as we view the case, the time has passed when such matters should be considered in the instant case.

In *Bartell v. Edwards,* 113 S. C., 217, 221, 102 S. E., 210, 211, it is stated: .

" * * * It is elemental law that a judgment not only estops the parties to the action and their privies from again raising the questions at issue in that case, *but also*

*such questions as might have been raised and decided by it.*
* * * " (Italics added.)

Unquestionably the issue now attempted to be raised (that the judgment in the case at bar should be set aside because of the fact that it is based upon a state of facts inconsistent, with, and repugnant to, a different state of facts set out in a complaint in a prior cause, now pending between the same parties to this cause) might have been raised in defense—by answer and plea in abatement. When the summons and complaint were served, appellant had full knowledge of the pendency of the first action, and of the allegations of the complaints in both actions. No question of the jurisdiction of the Court or of his person was involved. Of course, as afore outlined, one of appellant's defenses was that the pendency of the first action barred the present action. This was an issuable matter, and one that could and should have been pleaded, but in utter disregard of the summons (and of Section 467 of the Code of South Carolina, 1932) appellant failed to plead this or any other defense. He offers no excuse for not having answered or otherwise recognized that an action had been commenced against him, and cannot therefore at this late date be heard to object to a verdict duly rendered and entered against him as a judgment in and of a Court having jurisdiction of his person and of the subject-matter, on a ground on which he could have defended the action.

In the light of all the circumstances, we assume that the Circuit Court would not look with disfavor upon a motion to allow appellant to amend his answer to the first complaint should he be so advised.

For the reasons above stated, the appeal is dismissed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISH-BURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.