16759

JONES *ET AL.* v. HOLLAND *ET AL.*
(77 S. E. (2d) 202)

502

*Messrs. C. T. Graydon and John Grimball,* of Columbia, *and J. R. Folk and M. H. Mims,* of Edgefield, *for the Appellant,*

*Messrs. Colin S. Monteith, Jr.,* of Columbia, *and B. E. Nicholson,* of Edgefield, *for Respondents,*

July 7, 1953.

OXNER, Justice.

This appeal involves the construction of the following item in the will of Bennett Holland:

"I give and bequeath to my son Steve Holland as trustee one hundred acres of my homestead land in Pickens township, Edgefield County, South Carolina, * * * to be held in trust, however, giving to my grandson, Johnnie, a son of my beloved son Dan (a blind boy), the use and enjoyment of said property during the lifetime of the said Johnnie and at his death to go to his children in fee-simple, and in case he, the said Johnnie, has no children to revert back to my estate and be equally divided among my grandchildren * * *".

The testator died in 1893. He left surviving seven grandchildren. Johnnie Holland, the grandchild to whom a life estate was given by the foregoing Item, never married and died in 1950. Appellant Joe G. Holland is the only grandchild of the testator now living. Each of the other five grandchildren predeceased the life tenant and died intestate. Their heirs at law, who are the respondents on this appeal, brought this action for partition. It is their contention "that the grandchilden living at the date of the death of the testator took vested interests subject to the life estate of Johnnie Holland and subject to be divested by Johnnie Holland having children"; and that since Johnnie Holland never had any children, the interests of those predeceasing the life tenant passed to their heirs at law. Appellant, Joe G. Holland, the only grandchild who survived the life tenant, contends that the entire fee simple title is vested in him. Joined as parties defendant along with him were Robert Covar, administrator of the estate of Johnnie Holland, and L. M. Herlong, a tenant on the premises who has no interest in this controversy. The Court below sustained the contention

of respondents and ordered a sale of the property and a division of the proceeds among the parties according to their respective interests.

In construing the item of the will which we have quoted, we disregard the fact that the property was devised to Steve Holland as trustee because no active duties were imposed upon him, and shall proceed first to determine whether the alternative gift to the grandchildren of the testator was a vested remainder subject to be divested, as contended by respondents and held by the court below, or a contingent remainder, as argued by appellant. We think the grandchildren were contingent remaindermen. *Faber v. Police,* 10 S. C. 376, and numerous subsequent cases. The right of any grandchild to take was contingent on the life tenant dying without children, a dubious and uncertain event which might or might not occur, and, as will be hereinafter shown, was further contingent upon such grandchild surviving the life tenant. Not only was the right to possession deferred to a future period, but the right of the grandchildren to take was uncertain and dependent on the happening of a future contingency. The gift to them was alternative or substitutional in nature, and necessarily contingent. Limitations of the character here presented are called "alternative reminders", and "remainders on a contingency with a double aspect." *McCreary v. Coggeshall,* 74 S. C. 42, 53 S. E. 978, 7 L. R. A., N. S., 433. In Tiffany on Real Property, 2nd Ed., Vol. 1, Section 142, it is stated:

"Several estates in fee simple, or of a lesser *quantum,* may, at common law, be limited in the alternative by way of contingent remainder after one particular estate, in such a way that one may take effect if another does not. Such remainders are sometimes known as 'alternative remainders', and sometimes as 'remainders on a contingency with a double aspect'. As an illustration of such remainders, may be suggested the case of a limitation to A for life, and after A's death, if he have children, to them in fee simple, and if he have no children, then to B in fee simple. In such case,

in one alternative the remainder in favor of the children vests, and in the other alternative, the remainder in favor of B vests."

In *Rutledge v. Fishburne*, 66 S. C. 155, 44 S. E. 564, 565, the Court said:

"In the note to page 922, 20 Ency. of Law, it is said: 'The characteristics of alternative or substitutional limitations is that both are contingent until the event occurs which is to determine which of them is to take effect. * * * This is well illustrated by the case of *Luddington v. King*, 9 Ld. Raynor, 203, in which the limitation was to A. for life, remainder to his male issue in fee simple, remainder over to T. B. if A. should die without male issue. These remainders are alternate, one of which alone can vest, and the vesting of one and the defeat of the other are to take place at the same time, *viz.*, at the death of A. * * *' ".

In the decree of the Circuit Court in *McElwee v. Wheeler*, 10 S. C. 392, which was approved by this Court, the following is found:

"This second limitation is a substitute for or alternative of the other, to take place if the former should fail of effect. The one is not expectant upon or to take effect after the other, but is contemporary, 'commencing from the same period, not indeed together, but the one to take effect in lieu of the other, if that failed. * * *' 'A devise to B for life, he being unmarried, remainder to his children, but if he dies without leaving children, remainder over, both remainders are contingent.' 4 Kent 295, note b, 5th ed.; see authorities there cited. This sort of alternative limitation is termed 'a contingency with a double aspect', sometimes 'limitations on a double contingency', and sometimes 'concurrent or contemporary limitations.' "

Cases from other jurisdictions are to the same effect. *Drury v. Drury*, 271 Ill. 336, 111 N. E. 140; *Demill v. Reid*, 71 Md. 175, 17 A. 1014; In re Field's Estate, 101 Vt. 242, 143 A. 280.

Our conclusion that the remainder to the grandchildren was contingent is not determinative of the appeal. There remains the further inquiry as to whether these contingent interests were transmissible. The answer depends upon the character of such contingent remainder. The rule is: "Where *the person* to take in remainder is ascertained, and it is only *the event* upon which such person is to take that is uncertain, there the estate in remainder becomes transmissible to the heirs of the remainderman, upon the happening of the event upon which such ascertained person was to take, even though such event may not happen until after the death of the person named, or otherwise sufficiently designated as remainderman. But, where *the person* to take is uncertain, then the estate cannot become transmissible until the estate becomes vested by the happening of the contingency." *Roundtree v. Roundtree,* 26 S. C. 450, 2 S. E. 474, 482.

Under the foregoing rule, if the designation of the persons who were to take by way of alternative remainder had been made nominatim, there would be no contingency as to those who were to take. The only uncertainty would have been the event upon which they were to take. This would have rendered them transmissible. *Dickson v. Dickson,* 23 S. C. 216; *Black v. Todd,* 121 S. C. 243, 113 S. E. 793. But here those who are to take by way of alternative remainder are not certain. The alternative gift to the grandchildren is clearly to a class, which was defined as follows by this Court in *Dickson v. Dickson, supra,* quoting from 1 Jarman, Wills, 534: "A gift to persons as a class is a gift of an aggregate sum to a body of persons *uncertain in number* at the time of the gift, to be ascertained at a future time."

Where there is a gift to a class, the time when the membership in the class is to be ascertained depends upon the intention of the testator. Ordinarily under an immediate gift to a class of persons or where there is a vested remainder after a life estate, membership in the class

will be fixed at the time of the testator's death so as to comprehend all answering the class designation at that time. "Where, however, not merely the possession but also the creation of the right is postponed, futurity being annexed not alone to the time of distribution or enjoyment but to the substance of the gift, ordinarily the appropriate time for fixing the membership of the class is the date when the gift vests in right or interest unless a contrary intention on the part of the testator appears, and only those coming within the description at that time are members of the class." 69 C. J., Wills, Section 1274. The foregoing was quoted with approval in *Jeffords v. Thornal*, 204 S. C. 257, 29 S. E. (2d) 116.

In *Dukes v. Shuler,* 185 S. C. 303, 194 S. E. 817, 820, the Court said:

"It is always necessary to discriminate between a devise which vests immediately, the enjoyment of which only is postponed; and a devise which is contingent, because both the vesting in interest and the enjoyment are postponed. In both cases, all who answer the description of the class to whom the devise is made at the time the gift vests in enjoyment are entitled to take. But in the first case the period of survivorship is ascertained at the death of the testator; the class opening to let in all who are born subsequently and prior to the time of distribution. In the second case, the period of survivorship is ascertained at the time the gift is to be distributed, and all those who die before that time are completely cut out, since their interest is contingent on surviving until the period of distribution."

Somewhat analogous in principle to the instant case is that of *Jeffords v. Thornal, supra.* The holding of the Court pertinent to the question under discussion is correctly summarized in the following syllabus: "Where testator bequeathed property to widow for life and after widow's death without children, to testator's brothers and sisters, if living, otherwise to their children, share and share alike, interests of testator's nephews and nieces were contingent on their

survival at time of death of widow without children so that such interests were not transmissible and representatives of nieces and nephews who died in lifetime of widow took nothing but surviving niece took what deceased nieces and nephews would have taken had they survived the widow." In the foregoing case, the Court said: "The doubly contingent gifts by testator to the children of his brothers and sisters were to classes, respectively. The beneficiaries were not named or otherwise identified, except as stated, to wit, children of his brothers and sisters; and they were upon the contingency of the prior death, in the lifetime of the life tenant, of their respective parents, the whole of the gifts being upon the further (in fact, primary) contingency of the death of the life tenant without a child." There was also quoted with approval the following from *In re Warren's Will,* 176 S. C. 455, 180 S. E. 458, 459: "Where there is a gift to a class, at a certain time, or upon the happening of a certain event, only those in existence at such period can take; the predeceased ones, or their representatives are excluded."

The will as a whole shows that the testator gave special consideration to his grandson Johnnie, who was blind. His primary purpose in the item in controversy was to provide for Johnnie and any children he might have. The disposition of the property in the event that Johnnie had no childen was secondary. In that event, the testator concluded to divide said property. "among my grandchildren." Here there was an alternative remainder to a class of persons and we think the testator clearly contemplated that only those grandchildren *in esse* upon Johnnie's death without children should take. It has been held that ordinarily a devise to "children" will not be construed as including grandchildren. *Logan v. Brunson,* 56 S. C. 7, 33 S. E. 737. And, generally, the word "grandchildren" does not denote "great-grandchildren". *Heyward v. Hasell,* 2 S. C. 509.

It seems to be conceded that the will in controversy was drawn by an able lawyer. It is reasonable to assume that if the testator intended that the children or legal representatives of a grandchild should take in the event of his or her death before that of the life tenant, an appropriate provision to that effect would have been inserted in the will. In fact, this was done in other portions of the will where such was the intent. To illustrate: In Item 8, the testator gives the income from a certain tract of land to a son for life and at his death, in fee simple to his children, but if he had none, "then to revert back to my estate and be distributed among my grandchildren, in fee simple, the child or children of any predeceased child to take his or her part." Similar provisions with reference to the substitution of a child or children of any deceased grandchild are contained in Items 7 and 11 of the will. The absence of a provision of this kind in the item under consideration is significant and rather persuasive that the alternative remainder was limited to grandchildren.

Respondents strongly rely on a line of decisions in this State holding that unless some other period is clearly fixed in the will, or there are words showing a different intention on the part of the testator, a class described as testator's "heirs", "next-of-kin", etc., to whom a remainder is given, is to be ascertained as of the death of the testator. *McFadden v. McFadden,* 107 S. C. 101, 91 S. E. 986; *Avinger v. Avinger,* 116 S. C. 125, 107 S. E. 26; *Clardy v. Clardy,* 122 S. C. 451, 115 S. E. 603; *Magrath v. Magrath,* 184 S. C. 243, 192 S. E. 273. In an annotation in 49 A. L. R., page 179, it is stated that "one of the reasons adduced in support of this rule of construction is that it gives the words of description their natural and prima facie meaning." We think these decisions and others of a like nature are distinguishable. In most, if not all, of them the remainders given to the class were either vested or vested subject to be divested. Moreover, a distinction is generally recognized between a gift to "heirs" or "next-of-kin" as a class and

class gifts to "children", "grandchildren", etc., as shown by the following from 57 Am. Jur., Wills, Section 1274:

"Although with respect to gifts to the testator's 'heirs', 'next of kin', etc., the courts have adopted a rule of construction that membership in such a class is to be ascertained *prima facie* as of the death of the testator, in cases involving gifts to classes described in terms which, unlike 'heirs', themselves carry no implication as to the time to which they refer, such as 'children', 'brothers and sisters', etc., the question of the time at which the membership of the class shall be ascertained depends largely upon whether the gift is immediate or contingent or future, and whether the ultimate question involved is the number of persons who are entitled to share in the gift or, on the other hand, the transmissibility of the interest of particular members."

It is our conclusion that respondents who are heirs at law of the grandchildren who predeceased the life tenant are excluded and that the entire estate is vested in appellant, the only grandchild surviving the life tenant.

The order appealed from is reversed and the case is remanded for further proceedings in accordance with the views herein expressed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.