### 17476

James A. DEAN *et al.,* Plaintiffs, v. Mrs. Gertrude Dean LANCASTER *et al.,* Defendants, James A. DEAN, Joel L. Dean, George B. Dean, Sr., Mrs. Annie Belle Dean Arnold and John B. Dean, Appellants, v. Mrs. Annie Dean NORMAN, Belle Dean, Mrs. Norean Dean, Mrs. Jan Norman and Georgia Cleveland Home, Respondents

(105 S. E. (2d) 675)

*Messrs. Edwin W. Johnson* and *Holcombe & Bomar,* of Spartanburg, *for Appellants,*

*Messrs. Love, Thornton & Arnold,* of Greenville, *for the Respondents, Mrs. Annie Dean Norman* and *Mrs. Jan Norman,*

532

*Messrs. Moore & Stoddard,* of Spartanburg, *for Norean Dean, Respondent,* and *Perrin & Perrin,* of Spartanburg, *for Georgia Cleveland Home, Respondent,* and *William K. Cox,* of Woodruff, *Guardian ad Litem for Belle Dean, a Minor, Respondent.*

November 12, 1958.

OXNER, Justice.

George B. Dean, who owned considerable real estate, died in 1909 survived by five children, namely, E. B. Dean, J. Madison Dean, Lewis Dean, Alfred Dean and Annie Dean Liles. Shortly before he died, he executed a will by which he disposed of his entire estate. This appeal involves the construction of Item III which reads as follows:

"I will, devise and bequeath to my son Alfred Dean and his wife Gertrude Dean my home place where I now live fronting on Forest Street and my two houses and lots on Thompson Street including all the land I own between Forest Street and Thompson Street; and about one hundred and fifteen acres, being one half of the Mullins Tract one half of the Jones Tract and one half of the Turner Tract a plat of which is to be made and attached to this will, to them for and during the life of the survivor of them and at and after their

death to go to their children and if they should die without leaving children then the same shall revert to my Estate and become a part thereof and shall be divided among my heirs according to the Statute of Distribution. It is understood that the term children as above limited shall apply to grandchildren also * * *."

A brief reference will be made to the other Items. By Item I he devised several tracts of land to his son J. Madison Dean. By Item II he devised a 100 acre tract of land to his son E. B. Dean and wife "for and during the term of their natural lives", with remainder to their children. By Item IV he made a devise to his son Lewis Dean and wife of a house and lot and a 115 acre tract in terms similar to those contained in Item III. By Item V a promissory note was bequeathed to his daughter Annie Dean Liles. By Item VI he devised a 40 acre tract to a grandson and namesake. Items VII, VIII and X are concerned with household furniture, certain personal property and the maintenance of the family cemetery. By Item IX he devised the homeplace, containing about 1,000 acres, to his five children and directed that it be cut into five tracts of approximately equal value. By Item XI he directed that the residue of his estate be equally divided among his children.

Alfred Dean, one of the life tenants named in Item III, died childless in 1910. His widow, Gertrude, who later remarried, is still living. Lewis Dean died in 1911 survived by one child. J. Madison Dean died in 1929 survived by a widow and three children, two of whom have later died. E. B. Dean died in 1942 survived by four children, all of whom are now living. Annie Dean Liles, whose husband predeceased her, died childless in 1950.

The question presented is what is the proper date for determining the "heirs" of the testator who are to take the property described in Item III upon the death of the last life tenant. Appellants contend that the property will go to those who are the heirs of the testator when Gertrude Dean (Lancaster) dies. Respondents contend that the heirs are to be

determined either as of the date of the testator's death in 1909, or as of the date of the death of Alfred Dean in 1910, when it became definite that there would be no children of the life tenants. The Court below held that the heirs are to be ascertained as of the date of the death of Alfred Dean in 1910. (It appears that in 1956 through an exchange of property, the heirs of the testator acquired the interest of Gertrude Dean Lancaster in the 115 acre tract and there is some suggestion that the heirs might be determined as of the date of the sale of her life interest, but obviously no act of hers could affect the construction of the will).

By agreement of the parties the 115 acre tract of land was sold in November, 1956 for approximately $45,000.00 and a portion of the proceeds is now being held by the Master subject to the determination of the question presented by this appeal. Under the proposed construction advanced by appellants, it would be impossible to now determine those who would take because Gertrude Dean Lancaster is still living. So far as respondents are concerned, it is immaterial whether the heirs are determined as of the date of the testator's death in 1909 or the date of the death of Alfred Dean in 1910. In either case the proceeds would be divided into four parts—one-fourth going to the heirs of E. B. Dean, one-fourth to the heirs or devisees of J. Madison Dean, one-fourth to the heir of Lewis Dean and one-fourth to the estate of Annie Dean Liles.

It is well settled that where a testator directs that in a certain event after the expiration of a particular interest, the estate shall go to his heirs or to the persons who would take under the intestate laws, he is to be understood as meaning the persons who would have so taken at the time of his death, and not at the time appointed for their taking, unless a different intent is plainly manifested in his will. *McFadden v. McFadden,* 107 S. C. 101, 91 S. E. 986; *Magrath v. Magrath,* 184 S. C. 243, 192 S. E. 273. One of the reasons adduced in support of this rule of construction is that in the accurate use of language, only those

entitled to inherit at the death of another can be called his heirs. This general rule will yield, however, where it appears that the testator used the word "heirs" in an inaccurate sense, to denote a hypothetical and artificial class composed of those who would have become heirs had their ancestor lived until some then future time and the intention of the testator will be given effect. *Lemmon v. Wilson,* 204 S. C. 50, 28 S. E. (2d) 792. This is in accord with the cardinal rule of construction that the courts will give effect to the intention of the testator unless such intention contravenes some well settled rule of law or public policy. *Peoples National Bank of Greenville v. Harrison,* 198 S. C. 457, 18 S. E. (2d) 1. A distinction is generally recognized between a gift to "heirs" as a class and class gifts to "children", "grandchildren", etc. With respect to the former, the general rule is that membership in such a class is to be ascertained *prima facie* as of the death of the testator. *Jones v. Holland,* 223 S. C. 500, 77 S. E. (2d) 202.

In the instant case, appellants contend that the will shows an "intention that the class be ascertained at some future time"; that "futurity was annexed to the substance of the gift"; that the "remainder was contingent"; and that such remainder "was to become a vested interest in the future upon the termination of the life estate of Mrs. Gertrude Dean Lancaster." It is true that the devise to the heirs was alternative or substitutional in nature, and necessarily contingent. *Jones v. Holland, supra,* 223 S. C. 500, 77 S. E. (2d) 202, 205. But it does not necessarily follow that the testator intended that only those heirs would take who survived the life tenants. We seriously doubt if there is any language in this will warranting a departure from the general rule that a class described as testator's "heirs" to whom a remainder is given is to be ascertained as of the death of the testator. Assuming, however, as appellants contend, that "futurity was annexed to the substance of the gift", when it conclusively appeared in 1910 that Alfred and Gertrude Dean would have no children, the con-

tingent remainders were converted into vested ones and became transmissible. The heirs who are to take must be determined not later than this date. In *Jones v. Holland, supra,* the following was quoted with approval: "Where * * * not merely the possession but also the creation of the right is postponed, futurity being annexed not alone to the time of distribution or enjoyment but to the substance of the gift, ordinarily *the appropriate time for fixing the membership of the class is the date when the gift vests in right or interest* unless a contrary intention on the part of the testator appears, and only those coming within the description at that time are members of the class." (Italics ours.)

Our conclusion that not later than 1910 the heirs acquired transmissible interests which did not require their surviving the life tenant is further supported by *Black v. Todd,* 121 S. C. 243, 113 S. E. 793. Also, see the interesting comment by Professor Means on *Jones v. Holland in 7* S. C. Law Quarterly, Fall of 1954, page 163.

We are in full accord with the result reached by the Circuit Judge.

Several other questions are discussed in the briefs but will not be considered as they were not presented to or passed upon in the Court below.

Affirmed.

STUKES, C.J., and TAYLOR, LEGGE and Moss, JJ., concur.